UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CEDRIC RAYNARD STUBBS ESTATE,
CIRDEC DRANYAR EL, sui juris, and
DECHANTA CATRECIA EL, sui juris,

    Plaintiffs,

v.                                                     Case No: 2:18-cv-738-FtM-99MRM

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, TRIPP SCOTT, H.
MICHAEL SOLLOA, JR., SHERI
PORTER, KATHLEEN ANGIONE,
ROGER D. EATON, BILL
PRUMMELL and SUSAN
WUNDERLICH,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of *pro se* Plaintiffs Cedric Raynard Stubbs Estate, Cirdec Dranyar El, and Dechanta Catrecia El's Complaint. (Doc. 1). For the following reasons, the Court dismisses the Complaint for lack of subject matter jurisdiction.

On October 13, 2015, the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida entered a final judgment of mortgage foreclosure and enforcing lost loan documents against Cedric and Dechanta Stubbs for their home in Punta Gorda,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Florida. (Doc. 1-15). Three years pass. During that time, the Stubbs challenged the foreclosure and sale of their home in state court and federal court.[2]

Recently, on September 24, 2018, the state court judge ordered an alias writ of possession over the Stubbs' home. (Doc. 1-15 at 41-42). The next day, Plaintiffs filed a "Notice of Counterclaim with 'Objection(s)' to Alias Writ of Possession Pursuant to Fraud and Tax Evasion. (*Id.* at 32-38). In that filing, they sought to dismiss the alias writ of possession because Federal National Mortgage Association, Tripp Scott, and H. Michael Solloa Jr., Esq. – also Defendants in this suit – committed a fraudulent Ponzi scheme to extort funds and take their home. The Alis Writ of Possession has since been issued, and Cedric, Dechanta, and Cedric Raynard Stubbs Estate have received a final notice of eviction from the Charlotte County Sheriff's Office. (*Id.* at 39-40).

Plaintiffs now file a Complaint in this Court seeking the same relief from the foreclosure and sale of their home as in the underlying state court matter. They want this Court to overrule "all Orders (Writs of Possession, Certificate of Title, Eviction from property [sic] Order by the Court) rendered against CEDRIC RAYNARD STUBBS ESTATE' property[.]" (Doc. 1 at 15). As grounds for relief, Plaintiffs allege the following:

> Defendants has [sic] connive, deceived, and manipulate the Circuit Court with the intent to conspire to steal, transfer, convey CEDRIC RAYNARD STUBBS ESTATE' property under a Ponzi Scheme, under their Public Official Capacity, thereby violating their "Oath of Office" to cover up this said scheme using the Circuit Court to present false allegation against CEDRIC RAYNARD STUBBS ESTATE, thereby stating in their claims that the heirs or the beneficiaries owed FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE) and other known and unknown parties to

---

[2] On October 12, 2016, the Stubbs filed a Complaint in federal court challenging the foreclosure of their home. *See Stubbs v. Riverside Bank of the Gulf Coast, et al.*, No. 2:16-cv-762-FtM-38CM (M.D. Fla. Oct. 12, 2016). The Complaint was dismissed for lack of subject matter jurisdiction.

obtained the properties and securities of CEDRIC RAYNARD STUBBS ESTATE.

(*Id.*). Even liberally construing such allegations and the Complaint, the Court does not have subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Without jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). District courts have "original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States." *Id.* "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). The rule "provides that whether a case 'arises under' federal law must be determined from what necessarily appears in the plaintiff's statement of his own claim[.]" *Id.* (citation omitted). In other words, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in original)).

Here, the Complaint does not assert any claim arising under federal law. Because the Florida state court has already entered a final judgment of foreclosure against Plaintiffs, this Court has no jurisdiction to relieve them from that judgment. Plaintiffs cannot challenge the state court's final decision in the foreclosure proceeding without running afoul of the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Under

the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision. See *Nicholson v. Shafe,* 558 F.3d 1266, 1270-72 (11th Cir. 2009). The doctrine divorces federal courts from reviewing "state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Nivia v. Nation Star Mortg., LLC,* 620 F. App'x 822, 824 (11th Cir. 2015); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Plaintiffs have raised their claims in the state court foreclosure action. And this Court simply cannot act as an appellate court to that matter.

The Court thus dismisses the Complaint for lack of subject matter jurisdiction. But it will afford Plaintiffs one opportunity to amend.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiffs may file an amended complaint on or before **November 30, 2018,** in accordance with this Order. **Failure to do so may result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record